William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALEANT PHARMACEUTICALS NORTH AMERICA LLC; VALEANT PHARMACEUTICALS IRELAND LTD.; DOW PHARMACEUTICAL SCIENCES, INC.; and KAKEN PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC.; ZYDUS WORLDWIDE DMCC; and CADILA HEALTHCARE LIMITED d/b/a ZYDUS CADILA, <br><br> Defendants. | Civil Action No. 19-5162 <br><br> *Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Valeant Pharmaceuticals North America LLC ("Valeant"), Valeant Pharmaceuticals Ireland Ltd. ("Valeant Ireland"), Dow Pharmaceutical Sciences, Inc. ("Dow"), and Kaken Pharmaceutical Co., Ltd. ("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), Zydus Worldwide DMCC ("Zydus Worldwide"), and Cadila Healthcare Limited d/b/a Zydus Cadila ("Zydus Cadila") (collectively, "Zydus" or "Defendants") allege as follows:

1

**THE PARTIES**

1. Plaintiff Valeant is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2. Plaintiff Valeant Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3. Plaintiff Dow is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4. Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5. Upon information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

6. Upon information and belief, Zydus Worldwide is a corporation organized and existing under the laws of United Arab Emirates, having a principal place of business at Armada Tower 2, P2, Cluster P, 9 Floor, Office 908, Al Thanyah 5, Hadaeq Mohammed Bin Rashid, Dubai, United Arab Emirates.

7. Upon information and belief, Zydus Cadila is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad, 380015, Gujarat, India.

8. Upon information and belief, Zydus USA is a wholly-owned subsidiary of Zydus Worldwide.

## NATURE OF THE ACTION

9. This is an action for infringement of United States Patent No. 10,105,444 ("the '444 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281. This action relates to Zydus's filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Zydus's generic efinaconazole topical solution"). [1]

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

11. Upon information and belief, this court has jurisdiction over Zydus Worldwide. Upon information and belief, Zydus Worldwide is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Zydus Worldwide directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Zydus's generic efinaconazole topical solution. Upon information and belief, Zydus Worldwide purposefully has conducted and continues to conduct business in this judicial district.

12. Upon information and belief, this court has jurisdiction over Zydus Cadila.

---

[1] Plaintiffs previously brought an action for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent"), and 9,877,955 ("the '955 patent"). That action is currently pending in this Court as Case No. 3:18-cv-13635 (PGS) (LHG), and Plaintiffs hereby incorporate by reference their Complaint against Zydus (ECF No. 1) in that action.

3

Upon information and belief, Zydus Cadila is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Zydus Cadila directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Zydus's generic efinaconazole topical solution. Upon information and belief, Zydus Cadila purposefully has conducted and continues to conduct business in this judicial district.

13.     Upon information and belief, this Court has jurisdiction over Zydus USA. Upon information and belief, Zydus USA is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Zydus USA directly, or indirectly, develops, manufactures, markets, and sells generic drug products manufactured by Zydus Worldwide and Zydus Cadila, throughout the United States and in this judicial district, and this judicial district is a likely destination for Zydus's generic efinaconazole topical solution. Upon information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534. Upon information and belief, Zydus USA purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Zydus USA has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

14.     Zydus Worldwide has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the State of New Jersey and

elsewhere.  Zydus Worldwide's ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs.  Upon information and belief, Zydus Worldwide intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them.  Upon information and belief, Zydus Worldwide will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

15.     Upon information and belief, Zydus Worldwide, Zydus Cadila, and Zydus USA operate as a single integrated business.  Upon information and belief, Zydus Worldwide, Zydus Cadila, and Zydus USA each act as an agent of the other and work together to, *inter alia*, develop, manufacture, obtain regulatory approval, market, sell and distribute generic copies of branded pharmaceutical products throughout the United States, including in this judicial district.

16.     Zydus Worldwide, Zydus Cadila, and Zydus USA know or should know that Jublia® is manufactured for Valeant Pharmaceuticals North America LLC in Bridgewater, NJ 08807 USA at least because that information is included in the label and prescribing information for Jublia®.

17.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

18.     Venue is proper against Zydus Worldwide, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

19.     Venue is proper against Zydus Cadila, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

20.     Venue is proper against Zydus USA because it is incorporated in New Jersey and operates a principal place of business in this judicial district.

**THE PATENT IN SUIT**

21. The United States Patent and Trademark Office issued the '444 patent on October 23, 2018. The '444 patent claims, generally speaking, *inter alia*, pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and antioxidant. Plaintiffs hold all substantial rights in the '444 patent and have the right to sue for infringement thereof. The '444 patent is valid and enforceable. A copy of the '444 patent is attached hereto as Exhibit A.

22. Dow is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014. In conjunction with NDA No. 203567, the '444 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

23. Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

**ZYDUS'S INFRINGING ANDA SUBMISSION**

24. Upon information and belief, Zydus filed or caused to be filed with the FDA ANDA No. 212178, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

25. Upon information and belief, Zydus's ANDA No. 212178 seeks FDA approval to sell in the United States Zydus's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

26. Kaken and Dow received a letter dated December 26, 2018, from Zydus USA, on behalf of Zydus Worldwide, purporting to be a Notice of Certification for ANDA No. 212178 ("Zydus's notice letter") under Section 505(j)(2)(B)(ii) and (iv) of the Act, 21 U.S.C. § 355(j)(2)(B)(ii) and (iv), and 21 § C.F.R. 314.95(c) that included a certification pursuant to 21

U.S.C. § 355(j)(2)(A)(vii)(IV).

27. Zydus's notice letter alleges that Zydus Worldwide has submitted to the FDA ANDA No. 212178 seeking FDA approval to sell Zydus's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

28. Upon information and belief, ANDA No. 212178 seeks approval of Zydus's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

29. Upon information and belief, Zydus Worldwide's actions relating to ANDA No. 212178 complained of herein were done with the cooperation, the participation, the assistance of, and at least in part for the benefit of Zydus USA and Zydus Cadila.

## COUNT I AGAINST ZYDUS

### Infringement of the '444 Patent under § 271(e)(2)

30. Paragraphs 1-29 are incorporated herein as set forth above.

31. Under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '444 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212178 seeking approval for the commercial marketing of Zydus's generic efinaconazole topical solution before the expiration date of the '444 patent.

32. Upon information and belief, Zydus's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '444 patent.

33. Upon information and belief, Zydus will, through the manufacture, use, import, offer for sale, and/or sale of Zydus's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

34. If Zydus's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '444 patent is not enjoined, Plaintiffs will suffer substantial and

irreparable harm for which there is no adequate remedy at law.

## COUNT II AGAINST ZYDUS

### Declaratory Judgment of Infringement of the '444 Patent

35. Paragraphs 1-34 are incorporated herein as set forth above.

36. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

37. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

38. Zydus has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Zydus's generic efinaconazole topical solution before the expiration date of the '444 patent, including Zydus's filing of ANDA No. 212178.

39. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

40. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's generic efinaconazole topical solution will constitute infringement of at least one claim of the '444 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Zydus on the patent infringement claims set forth above and respectfully request that this Court:

1. enter judgment that, under 35 U.S.C. § 271(e)(2), Zydus has infringed at least one claim of the '444 patent by submitting or causing to be submitted ANDA No. 212178 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Zydus's generic efinaconazole topical solution before the expiration of the '444 patent;

2. order that that the effective date of any approval by the FDA of Zydus's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '444 patent, or such later date as the Court may determine;

3. enjoin Zydus from the commercial manufacture, use, import, offer for sale, and/or sale of Zydus's generic efinaconazole topical solution until expiration of the '444 patent, or such later date as the Court may determine;

4. enjoin Zydus and all persons acting in concert with Zydus from seeking, obtaining, or maintaining approval of Zydus's ANDA No. 212178 until expiration of the '444 patent;

5. declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

6. award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated: February 8, 2019　　　　　　　Respectfully submitted,
　　　　　Newark, New Jersey

　　　　　　　　　　　　　　　　　　　s/ William P. Deni, Jr.
　　　　　　　　　　　　　　　　　　　William P. Deni, Jr.
　　　　　　　　　　　　　　　　　　　Charles H. Chevalier
　　　　　　　　　　　　　　　　　　　J. Brugh Lower
　　　　　　　　　　　　　　　　　　　**GIBBONS P.C.**

One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

*Attorneys for Plaintiffs*
*Valeant Pharmaceuticals North America LLC,*
*Valeant Pharmaceuticals Ireland Ltd., and*
*Dow Pharmaceutical Sciences, Inc.*

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

*Attorneys for Plaintiff*
*Kaken Pharmaceutical Co., Ltd.*

## **CERTIFICATION OF NON-ARBITRABILITY PURSUANT TO LOCAL CIVIL RULE 201.1(d)**

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2019  
       Newark, New Jersey

s/ William P. Deni, Jr.  
William P. Deni, Jr.  
**GIBBONS P.C.**  
One Gateway Center  
Newark, New Jersey 07102  
Tel: (973) 596-4500  
Fax: (973) 596-0545  
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*